Parker, J.
I was of opinion, at the trial, that the mother was under no legal obligation to support her child ; that the agreement máde by these parties was reciprocal, and having been disaffirmed by the daughter after coming of age, the mother could, by no construction, be bound oy it; that the special contract thus failing, the law raised a new promise. I still remain of the same opinion, and am therefore against granting a new trial.
Sewall, J.
To this action, which is brought on the implied promise of a minor to pay for her support, furnished during infancy by her mother, a want of consideration is objected. A father has different rights, and is under different obligations, from a mother. A child whose father is dead may elect a guardian against the will of the mother. The facts in this case repel the idea that this support was ever considered, by either of the parties, as gratuitous; payment was claimed on one side, and assented to on the other. When the consideration of the special agreement failed, the implied promise revived. The direction of the judge appears to me to have been right; and the verdict being pursuant to it, I think there ought not to be a new trial.
Sedgwick, J.
If a mother support her child gratuitously, and
without any intention, at the time, of demanding a recompense, nothing is more clear than that she could not, upon a change of inclination, afterwards have an action therefor. But that is not the present case. Here was an agreement that the mother should occupy the child’s estate, and, in consideration thereof, should sup port the child. The agreement was well understood, [ *419 ] and they proceeded accordingly. But when *the child came of age, she demanded and received all that the mother had derived from the estate. The common principles of justice sh rw that the mother’s right to other compensation revived. The bare recital of facts shows a strong equity for the plaintiff", and precludes the necessity of any reasoning. The mother could not have been compelled to support a daughter who had an estate of her own adequate to the purpose. The special contract having been disaffirmed, the law raises a promise. Being very clear that the plaintiff' was entitled to a verdict, I am against a new trial.
Parsons, C. J.
The plaintiff" has brought her action upon an implied promise oí her daughter to pay for her support during her *377 infancy, she having sufficient estate for her own support. I agree with my brethren that the mother was not compellable, in this case, to support her child, though I apprehend it would be otherwise in case of a father, (a) The special agreement, being annulled by the daughter on her arriving at full age, is as if it had never been made. The implied promise may, then, be considered as having never been suspended.

Judgment according to verdict.

 Vide Benson vs. Remington, ante, 113. — Dawes vs. Howard & Al 4 Mass. Rep. 97. — Badger vs. Phinney, 15 Mass. Rep. 359.