### EMORY CANADA *vs.* JOHN CANADA.

A special contract, that one party shall remain with the other and carry on his farm, until the decease of the latter, and shall then receive the farm in compensation of his services, is broken and determined by a sale of the farm or a part of it by the owner, although for the purpose of paying an antecedent debt

Canada *v.* Canada.

If a special contract to carry on a farm for the owner during his life, in consideration of receiving the same in compensation of such services, at the decease of the owner, is broken and determined by a conveyance of a part of the land, the other party may treat the contract as at an end, and recover, on the common counts, the value of the services previously rendered.

THIS was an action of assumpsit, brought originally in the court of common pleas. The writ contained the common money counts, and a count on an account annexed, of which the following is a copy : —

JOHN CANADA to EMORY CANADA,                                              Dr.

To services and labor on farm and otherwise, from Oct., 1824, to Oct., 1833,
    at $150 per annum,  .  .  .  .  .  .  .  .  .  .  .  .  . $1,350
        Interest on same,  .  .  .  .  .  .  .  .  .  .
To services and labor as aforesaid, from Oct. 1833, to Oct., 1843, at $100
    per annum,  .  .  .  .  .  .  .  .  .  .  .  .  . 1,000
        Interest on same,  .  .  .  .  .  .  .  .  .  .
To work and labor expended, money paid, and materials furnished in
    building a house on defendant's land,  .  .  .  .  .  .  . 500
        Interest on same,  .  .  .  .  .  .  .  .  .  .

The case was referred to arbitrators, who made their award thereon substantially as follows : —

" The action is brought to recover the value of certain services rendered by the plaintiff, and for materials found and money paid by him for the defendant, in pursuance of a special contract.

" The plaintiff contended that the contract had been determined by the defendant without his consent; and, that therefore this action would lie to recover for the services rendered under it. The defendant objected to the arbitrators receiving any evidence of a special contract, upon which to found an award, which if made at all, must be upon the common counts. The arbitrators admitted the evidence, for the purposes of the trial, subject to the opinion of the court as to its competency.

" The special contract was as follows : — The plaintiff, in consideration of a promise on the part of the defendant, to leave him at the defendant's decease all his real estate, promised the defendant to remain with him upon his farm, and carry it on so long as the defendant lived, and to forbear payment of his labor, until the defendant's decease, and then to

receive the real estate, (subject to some legacies to the defend-
ant's heirs,) in full payment for his services.

" The plaintiff alleged, that the defendant had been guilty
of a breach of this contract, by a conveyance of a certain
portion of the estate, to one William Canada, in the year
1848; and also by cancelling a will made in 1839, in pursu-
ance of the contract, and subsequently making a new will, in
violation of the contract. If this evidence is admissible, the
defendant denied that he had been guilty of any breach of the
contract, because the conveyance to William Canada was in
payment of an antecedent debt. Assuming that the burden
of proof, upon this point, was on the defendant, he failed to
satisfy the arbitrators, that there was any legal liability on his
part to pay any sum of money to William Canada."

The arbitrators were of opinion, that if the plaintiff was
entitled to recover in this form of action, he had sustained his
claim; and they therefore awarded, subject to the opinion of
the court, in favor of the plaintiff, $1250, and the costs of the
reference.

The court of common pleas accepted the award, and ren-
dered judgment thereon for the plaintiff.

The defendant thereupon appealed to this court.

*D. Aiken,* for the defendant.

*G. T. Davis,* for the plaintiff.

DEWEY, J. If the special contract set forth in the award
of the arbitrators was open and unrescinded, and had not been
terminated by the acts of either party, it would necessarily
defeat the right of the plaintiff to recover for the services he
has rendered. The plaintiff concedes this, and seeks to avoid
the effect of the special contract as a bar, by showing that the
defendant has by his own acts, in conveying to a third person
a portion of the real estate, which is the subject of the special
contract, incapacitated himself from fulfilling his contract with
the plaintiff, and thus authorized the plaintiff to treat the
same as rescinded.

That such conveyance by the defendant of a portion of his
real estate has been made is not denied. But it is said to
have been in discharge of antecedent debts due from the de-

2*

fendant, and therefore not to be deemed in violation of the special contract, inasmuch as it was liable to be taken by creditors on legal process, if the defendant had not conveyed it for the purpose of discharging his debts.

To this ground of defence, the first answer is, that in the opinion of the arbitrators, the defendant failed to show any such legal liability to the supposed creditors, as is alleged by him, assuming the burden of proof to be on him to show such outstanding debts.    That such burden rests on the defendant, we consider to be quite clear, as it is his ground of defence, and one, which to be made in any aspect available, must not only be alleged but sustained by proof.

But as it seems to us, the case may be properly put upon more general grounds.    In the opinion of the court, a conveyance by the defendant of his real estate, to raise money to discharge his antecedent debts, would be such a violation of this special contract, as to authorize the plaintiff to treat it as determined by the acts of the defendant, and being thus violated by the defendant, to institute an action to recover compensation for his labor and services under the contract.

The farther question is, whether the plaintiff can enforce such claim under the common counts for labor and services, &c.    That such common counts are sufficient, in many cases, where a claim originates in a special contract, has become well settled.    It is clearly so, when the special contract has been executed so far, that nothing remains but the mere duty to pay money by the defendant, as in the cases of *Felton* v. *Dickinson*, 10 Mass. 287, and *Baker* v. *Corey*, 19 Pick. 496. It is so in some cases, where the plaintiff has himself failed fully to perform the contract in every particular, and yet has a claim for valuable services, as in the cases of *Smith* v. *Lowell Congregational Meeting-house*, 8 Pick. 178, and *Brewer* v. *Tyringham*, 12 Pick. 547 ; or where the contract is rescinded by causes, over which defendant had no control, as in the case of *Thompson* v. *Gould*, 20 Pick. 134.    Cases more analogous, perhaps, are those of *Whipple* v. *Dow*, 2 Mass. 415 ; *Kimball* v. *Cunningham*, 4 Mass. 502 ; *Eames* v. *Savage*, 14 Mass. 425 ; *Hill* v. *Green*, 4 Pick. 114. This principle is fully

stated in 2 Greenl. Ev. § 104, that where the contract, though not fully performed, has been rescinded by some act on the part of the defendant, the plaintiff may resort to the common counts to recover for what he had done under the special agreement.

This meets the present case, and sustains this mode of setting forth the cause of action.

*Judgment for the plaintiff.*