# BAKER vs. GREGORY AND WIFE.

[BILL IN EQUITY TO ENFORCE CHARGE AGAINST WIFE'S SEPARATE ESTATE.]

1. *What consideration will support promise to pay by infant after coming of age.*—If a stranger, without obligation, expends his own funds in maintaining and educating an orphan child, who meanwhile becomes entitled to a large estate, out of which no allowance for her maintenance or education is applied for or made, this is a sufficient consideration to support an express promise on her part, after coming of age, to repay him the amount so expended ; and if such expenditure is made at the request of her brother-in-law, who thereby becomes liable for its amount, this liability on his part is a sufficient consideration to support an express promise on her part, after coming of age, to indemnify him against any loss he might thereby sustain.

2. *What will create charge upon wife's separate estate.*—If an adult married woman, having a separate estate secured to her by ante-nuptial contract, without any restriction upon her power to charge or dispose of it, authorize her husband, as her acting trustee, with the intention thereby to charge her separate estate, to execute a note to a third person, for the amount expended by him, without obligation, but at the request of her brother-in-law who afterwards became her husband, in maintaining and educating her while a poor orphan child ; and her husband accordingly executes the note, signing his name, with the addition of the words "acting trustee"; and the note is then accepted by the payee, as a charge upon her separate estate,—a court of equity will enforce it as such.

3. *Such charge transferrable.*—A promissory note, which was executed under such circumstances as to constitute it a charge upon the separate estate of a married woman, may be enforced in equity by a transferree or endorsee against her estate.

4. *Parol evidence admissible to show consideration of note.*—Where a promissory note is signed by the husband, with the addition of the words "acting trustee," parol evidence is admissible to show that its consideration and purpose, with the character of the transaction, constitute it a charge on the separate estate of his wife.

5. *Contract of wife having separate estate, effect of.*—Although the wife's promissory
   note, even when she has a separate estate, creates no personal liability on
   her ; yet, if there is no restriction on her power to charge or dispose of it,
   she may charge her estate with the payment of her husband's debt, by any
   promise or contract which, if she were sole and unmarried, would bind her
   personally.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. WADE KEYES.

This bill was filed by Theophilus L. Baker against Ossian
Gregory and Susan, his wife; and its material allegations, as
contained in the original and amended bills, are as follows:
That complainant recovered a judgment against said Ossian
Gregory, in the circuit court of Butler, at its September term,
1850, for $1,231 70, besides costs, on which an execution was
duly issued, and returned "no property found"; that this
judgment was founded on a promissory note, dated October
19, 1847, and signed by said Ossian Gregory, with the addi-
tion of the words " acting trustee", of the following tenor :
" Two years after date, I promise to pay Samuel H. Peck, or
order, nine hundred and ninety-five and 91-100 dollars, for
value received (the same for expenses paid by him for board
and education of Susan Breithaupt previous to her marriage,)
payable in specie, or its equivalent. in Mobile, with interest
from date"; that this note came to the possession of com-
plainant, for valuable consideration, before maturity, by
endorsement from Henry P. Peck, to whom it had been en-
dorsed by said Samuel H. Peck; that this note was given by
said Ossian Gregory, while acting as trustee for his said
wife, in consideration of an indebtedness on her part to said
Samuel H. Peck, for necessaries furnished by him in her
maintenance and education while an infant, and before her
intermarriage with said Ossian; that after said Susan became
of lawful age, and after her intermarriage with said Ossian,
she repeatedly promised to pay said debt; that she acknowl-
edged, at the time said note was executed, that the debt for
which it was given was created for her benefit, and promised
that it should be paid out of her separate estate; that this
promise was frequently repeated after complainant became
the owner and holder of said note; that said Ossian Gregory

is still wholly insolvent; and that Mrs. Gregory has a large and valuable separate estate, which is secured to her by ante-nuptial contract, of which her said husband is trustee under appointment from the chancery court, and which is chargeable in equity with the payment of said debt. The prayer of the bill is, that Mrs. Gregory's separate estate, or so much thereof as may be necessary for that purpose, may be condemned to the satisfaction of said debt; and the prayer for other and further relief is added.

The note, which is appended as an exhibit to the bill, is signed by "Ossian Gregory, acting trustee," and bears an endorsement in these words : "Pay the within to Theophilus L. Baker, without recourse", with the names of Samuel H. Peck and Henry P. Peck underwritten.

The defendants filed joint answers to the original and amended bills. They admit the recovery of the judgment against said Ossian Gregory, and the issue and return of execution thereon, as alleged in the bill; that said judgment was founded on the note exhibited with the bill, which was executed by said Ossian; that Mrs. Gregory has a separate estate, secured to her by ante-nuptial contract; that said Ossian is now her trustee, under appointment from the chancery court; and that he is insolvent. In reference to the alleged consideration of said note, they allege that said Susan, while yet an infant, was sent by said Ossian, who had married her sister, to the house of said Samuel Peck, to be raised and educated; that said Peck was then wealthy, and did not intend to make any charge for his care and maintenance of said Susan; that he afterwards represented that he had met with a reverse of fortune, and urged said Ossian, after his inter-marriage with said Susan, to execute his note as her acting trustee, for the sums which he claimed to have expended on her account; that said Peck was then informed that said Ossian was not the trustee of his wife, and that another person was her trustee, and that he took the note with the knowledge of these facts. They deny that Mrs. Gregory ever promised to pay the note, and insist that it is not chargeable upon her separate estate. They allege, that said Peck is indebted to Mrs. Gregory's separate estate; that he is utterly insolvent; and that the alleged transfer of the

note was wholly without consideration, and was intended to deprive them of the benefit of their set-off against said Peck. They plead the statute of limitations, and demur to the bill for want of equity.

It is unnecessary to notice the evidence in the cause.

On final hearing, on pleadings and proof, the chancellor held, that the right to subject Mrs. Gregory's separate estate to the payment of the debt, even admitting that Peck might have enforced it, did not pass to the complainant by the transfer of the note. He therefore dismissed the bill; and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for the appellant:

1. The bill seeks relief on the ground that Mrs. Gregory has a separate estate, and that she has created a charge upon it, by causing the note to be given upon which the judgment at law was recovered, and by repeatedly promising, both before and after it was transferred, to pay it. It is well settled, in this State, that a married woman, so far as respects her separate estate, is to be considered as a *feme sole*, and that the contracting of a debt by her is *prima facie* evidence of her intention to charge her separate estate with its payment.— Bradford and Wife v. Greenway, Henry & Smith, 17 Ala. 797; Collins v. Lavenberg & Co., 19 *ib.* 682. This court, indeed, has held, that "all the debts of a married woman should create a charge upon her separate estate, as well those where the promise to pay is implied by law, as those evidenced by bond, note, or bill of exchange"; and this is said to be the tendency of the modern English doctrine.— Collins v. Rudolph, 19 Ala. 617.

2. Mrs. Gregory, it is true, did not sign the note herself; but she caused it to be signed by her husband, as her "acting trustee"; and had it expressed upon its face that it was given in consideration of board, maintenance and tuition which had been furnished to her, for the express purpose of charging her separate estate with its payment, as she afterwards acknowleged; and promised, both at the time of its execution and afterwards, that it should be paid out of her separate estate. This, surely, is sufficient to create a charge upon her separate estate, if there was any consideration for the note itself, and for the promises to pay it.

3. Was there any consideration for the note, and for the promises to pay it, which would make them binding? Although Mrs. Gregory was an infant, when the expenditures for which the note was given were incurred; yet, when she arrived at maturity, and became possessed of a large separate estate, there was certainly a high moral consideration resting on her, to reimburse her benefactor for the moneys which he had expended for her. This moral obligation was feelingly acknowledged by her, on more than one occasion; and it cannot be necessary to cite authority, to show that a moral obligation to pay a debt is a sufficient consideration to support an express promise to pay it.

4. The chancellor dismissed the bill upon the idea, that the right to subject Mrs. Gregory's separate estate to the payment of the debt did not pass to the complainant by the transfer of the note; or, in other words, that a charge upon a married woman's separate estate, created by express words, is not legally susceptible of transfer, and cannot be enforced by any other person than the one in whose favor the charge was created. There is no reason, or principle, to justify such a conclusion. The chancellor must have been misled by the case of Hall's Executors v. Click, 5 Ala. 363; in which it was decided, that a vendor's lien does not pass to an assignee of the note given for the purchase money. But the principle applicable to a vendor's lien for unpaid purchase money, cannot be made to apply to a case like the present. The promissory note of a married woman, having a separate estate, is not a different thing from the charge upon her separate estate: they are one and the same thing. At law, the note is void; but equity considers it, in so many words, as a charge upon her separate estate. If the note is transferred, therefore, the charge upon her separate estate is transferred, and nothing else. The note cannot pass by the transfer, while the charge remains, since they are one and indivisible. The case of Hall's Executors v. Click, however, has been overruled by the more recent cases of Roper v. McCook, 7 Ala. 318, and Plowman & McLean v. Riddle, 14 ib. 169.

5. The evidence shows, that the charge on Mrs. Gregory's separate estate was intended to be transferred, with the note,

and that she promised to pay the debt with a knowledge of the transfer. A vendor's lien for the unpaid purchase money may be transferred with the note, if that is the intention of the parties.—7 Ala. R. 318. If, then, there is any analogy between that case and this, the charge on the separate estate was transferred with the note.

WILLIAMS & COCKE, contra:

1. The facts sworn to by Samuel H. Peck show no legal liability on Mrs. Gregory, but raise, at most, only a moral obligation, and are insufficient to support even an express promise.—Chitty on Contracts, 46, et seq.; Eastwood v. Kenyon, 11 Ad. & El. 438; Beaumont v. Reeve, 8 Q. B. 483; Sims v. Norris & Co., 5 Ala. 42. If this be true, Samuel H. Peck himself could not have enforced a note given by Mrs. Gregory herself, founded on the consideration alleged.

2. If any legal liability was created in favor of said Peck, it was against Ossian Gregory, at whose instance and request the advances were made to Mrs. Gregory, then an infant.

3. The subsequent promise of Mrs. Gregory, to Samuel H. Peck, was to pay the debt of her husband,—his debt by express contract at the time of its creation, and by operation of the marriage. This promise was verbal, and, even if valid as to Peck, cannot enure to the benefit of complainant, who is his transferree without recourse.—5 Ala. 363.

4. The statute of limitations is relied on by Mrs. Gregory; and her promise, during coverture, is not sufficient to remove the bar.—18 Ala. 606.

RICE, C. J.—The expenditure by a stranger, without obligation, of his own funds, for the benefit of an infant bereaved of parents, in maintaining and educating her, is a sufficient consideration to support an express promise, made after she comes of age, to repay him the amount so expended, where, during the continuance of such expenditure and of her infancy, she became entitled to a large estate, out of which no allowance for her maintenance or education was applied for or made.—Cooper v. Martin, 4 East, 77; Southerton v. Whitlock, 2 Strange, 690; Townsend v. Hunt, Cro. Car. 408; Carr v. Wyly, 23 Ala. R. 821; Kenan v. Holloway,

16 Ala. 53; Hatch v. Purcell, 1 Foster's Rep. 544; Harris v. Davis, 1 Ala. Rep. 259; Story on Prom. Notes, § 185; Wennall v. Abney, 3 Bos. & Pul. 249, note (a); Eastwood v. Kenyon, 11 Ad. & Ellis, 438; Whipple v. Dow, 2 Mass. Rep. 415; Atkins v. Banwell, 2 East, 505.

If such expenditure was made at the request of her brother-in-law, and in consequence thereof he had become liable for its amount, the existence of such liability on his part would be a sufficient consideration to support an express promise, made by her after she became of age, to indemnify him against any loss he might thereby sustain. — Carr v. Wyly, *supra;* Bradley v. Pratt, 23 Vermont Rep. 378; Conn v. Coburn, 7 New Hamp. Rep. 368.

If, after such expenditure had been made at the request of her brother-in-law, she married him, but retained her property as her separate estate by an ante-nuptial contract, without any restriction upon her power to charge or dispose of it; and afterwards, and after she came of age, at an interview between her and her husband and the stranger who had made the expenditure, she, with a knowledge of the facts, authorized her husband, as her "acting trustee", to execute to the stranger a note for the amount of the expenditure, payable some one, two or three years after its date, with the intention thereby to charge her separate estate with its payment; and her husband, as her "acting trustee", did thereupon accordingly execute such note, subscribing his name thereto with the description of "acting trustee"; and the stranger thereupon accepted and received it as a charge upon her separate estate,—the note would be treated and enforced by a court of equity as such charge.—1 White & Tudor's Leading Cases in Equity, top pages, 389–399; Ozley v. Ikelheimer, 26 Ala. 332. And the mere fact, that such note had been transferred, or endorsed, would not disable the transferree or endorsee from enforcing it as such charge.—Roper v. McCook, 7 Ala. 318.

Although such note, in the absence of extrinsic evidence, would *prima facie* impose a personal liability upon her husband; yet the fact that his name was subscribed to it, with the description of "acting trustee", would entitle him, or its owner, to show by *parol evidence* the considertion, intention,

and purpose of the note, and the true character of the transaction; and these being thus proved, a court of chancery would not allow the sense and equity of the transaction to be controlled by the mere form of the note.—Lazarus v. Shearer, 2 Ala. Rep. 718, and cases therein cited; Hartwell v. Rice, 1 Gray's Rep. 587.

Although a married woman may own a separate estate, and may with her own hand sign her name to a note; yet no personal liability can be thereby imposed on her. But a married woman, owning a separate estate, without any restriction upon her power to charge or dispose of it, may charge it with the payment of her husband's debt; and any promise, or contract on her part, will constitute a charge on her separate estate, which would have bound her personally, if she had been sole and unmarried at the time it was made. Ozley v. Ikelheimer, 26 Ala. 332, and other authorities cited *supra;* Hawley v. Bradford, 9 Paige, 200; Neimcewicz v. Gahn, 3 *ib.* 614; McCroan v. Pope, 17 Ala. 612.

The foregoing propositions are laid down with a view to the testimony and pleadings in this case; but without any intention to intimate how the case ought to be decided under their application, when it goes back for another trial. The decree of the chancellor shows that he did not decide the case on what we consider its merits; and that he erred in dismissing the bill upon the particular ground on which he did dismiss it. For that error, the decree is reversed, and the cause is remanded. The appellees must pay the costs of this court.