# SPRAGUE *vs.* TYSON.

[BILL IN EQUITY TO SUBJECT MARRIED WOMAN'S SEPARATE ESTATE, BY CONTRACT, TO PAYMENT OF BILL OF EXCHANGE, DRAWN BY HER.]

1. *Foot-note, omission of, at bottom of bill; effect of.*—The omission of the note in writing, at the foot of a bill in chancery, of the particular statements or interrogatories which each defendant is required to answer, precludes the complainant from any advantage to be derived from the failure of the defendant to answer the allegations of the bill.

2. *Bill of exchange, residence of party to be charged; what not sufficient evidence of.*—The name of a place where a bill of exchange was signed appearing on it, is not of itself sufficient evidence of the residence or post-office of the party to be charged.

3. *Bill to subject property of trust estate; who should be made parties.*— Generally, both the trustees and *cestui que trust* should be made parties to a suit in equity respecting the subject-matter of the trust; but where the trusteeship is a naked trust, and there is no trustee, it seems that a decree may be rendered against the *cestui que trust*, when the proceeding is *in rem*.

4. *Separate estate by contract; what constitutes.*—A conveyance of property, to a trustee for the sole and separate use of a married woman, free from the debts and claims of her husband, creates in her a separate estate by contract.

5. *Separate estate by contract; how chargeable in equity.*—A married woman, having such a separate estate, may bind it in equity by any contract by which she could bind herself if *sole.*

APPEAL from the Chancery Court of Mobile.
Heard before Hon. N. W. COCKE.

In this cause, which was a bill in equity to subject the separate estate, by contract, of a married woman to the payment of a bill of exchange drawn by her and others, the chancery court granted the relief prayed for in the bill, and directed a reference, &c., and a sale of the trust property.

The other facts arising in the case, and upon which the decision of the court is based, will be found in the opinion.

P. HAMILTON, for appellant.
E. S. DARGAN, *contra.*

B. F. SAFFOLD, J.—The bill in this case alleges, that the complainant, Tyson, is the holder of a bill of exchange, drawn and indorsed by the defendant, Mrs. E. C. Sprague, the wife of A. M. Sprague; that the bill was duly protested for non-payment, by a notary public in Mobile, where it was payable, and notice thereof deposited in the post-office at Mobile, directed to the defendant at Mobile, and also at Portland, Dallas county, Alabama; and that the defendant, E. C. Sprague, is the equitable owner of a lot and premises in Mobile, which is her separate estate, by contract, having been conveyed to John S. Hunter, as trustee, for her sole and separate use, free and discharged from the debts and claims of her husband. It is prayed that this property may be sold for the payment of the bill of exchange.

The answer of the defendant on oath is not waived, and there is no foot-note to the bill.

Mrs. Sprague, in her answer, admits that she drew and

indorsed the bill of exchange, and that her interest in the property sought to be charged with its payment, is as alleged by the complainant. She denies notice of protest, pleads coverture, and that her signature was not witnessed or acknowledged, as required by the statutes for the protection of the separate estates of married women, and 'demurs to the bill on the ground that the case presented is not such a one as a court of equity will enforce against the separate estate of a married woman.

The evidence of the complainant is, the bill of exchange, with the protest of the notary, and the conveyance of the property sought to be condemned, to John S. Hunter, as trustee of Mrs. Sprague.

As the complainant omitted to append a foot-note to his bill, he can claim no advantage from the failure of the defendants to answer any of its allegations.—Rule 10, Ch. Prac.; *O'Neil v. Robinson*, June term, 1869.

There is an entire failure on the part of the complainant to prove that the notices which he deposited in the post-office at Mobile, directed to Portland and to Mobile, were directed to the residence or nearest post-office of Mrs. Sprague, either at the time of signing the bill, or of giving notice. That the bill purports, on its face, to have been made at Portland, Dallas county, is not alone sufficient evidence of the residence or post-office of the party sought to be charged. The holder must use reasonable diligence to ascertain his address.—*Tyson v. Oliver*, June term, 1869 ; *Br. Bk. at Decatur v. Pierce*, 3 Ala. 321 ; *Foard v. Johnson*, 2 Ala. 565. In this case, the bill avers that the bill was made at Portland, but does not assert that the defendant resided there. The answer declares that it was made and endorsed at Mobile.

For the omission of the complainant to prove that he had given due notice of non-payment to the defendant, the decree of the chancellor must be reversed.

Other questions of importance are presented which the interests of the parties require to be now decided.

During the progress of the cause, the suit was abated as to the trustee, on account of his death, and proceeded with against the remaining parties, without any further repre-

sentation of the legal title. The omission to substitute another trustee, or to make the heirs-at-law of Hunter parties, is suggested in the answer of the defendants, but not by way of plea or demurrer. Unless there was some necessity for substituting some one holding the legal title in the place of the deceased trustee, there was no error in omitting to do it.—*Ozley v. Ikelheimer*, 26 Ala. 332. The heirs-at-law of Hunter should not have been so substituted, because the trust estate did not descend to them.—Rev. Code, § 1593 ; *McDougal's Adm'r v. Carey*, 38 Ala. 320.

Generally, both trustees and *cestui que trusts* should be made parties, but where the trusteeship is a naked trust, and there is no trustee, it seems that the whole interest is before the court, and that a decree may be rendered, especially when the proceeding is *in rem.*—Story's Eq. Plead. §§ 207, 211.

The estate of Mrs. Sprague, created in the property conveyed to Hunter, as her trustee, is essentially different from the separate statutory estate of a married woman. Her husband is not her trustee by operation of law. The trustee is liable for the rents, income and profits, if he receives them. The property is not bound for contracts for articles of comfort and support of the household, as provided by Revised Code, § 2376, and can not be sold for their payment as directed by Revised Code, § 2377.—*McMillan v. Hurt*, 38 Ala. 665. It is her separate estate by contract. So far as this estate is concerned, Mrs. Sprague is regarded in equity as a *femme sole*, and may bind it by any contract by which she could bind herself, if sole and unmarried.— *Gunter v. Williams and Wife*, 40 Ala. 561 ; *Paulke v. Wolfe, Gillespie & Co.*, 34 Ala. 541 ; *Booker v. Booker*, 32 Ala. 473 ; *Roper v. Roper*, 29 Ala. 247. It is not necessary that the intention to charge her separate estate should be proved when she gives her written obligation for the payment of money.—*Ozley v. Ikelheimer*, 26 Ala. 332.

The decree is reversed, and the cause remanded.