# Braune *v.* McGee & Wife.

*Bill in Equity by Creditor, to subject Married Woman's Separate Estate to Payment of Debt.*

*Wife's separate estate by contract; how created, and how charged.* — Where the property of the intended wife is conveyed, by ante-nuptial settlement, to a trustee for her sole and separate use and benefit during the coverture, and not to be subject to the debts or contracts of her husband, the property is held under the provisions of the deed, and not under the statutes governing the separate estates of married women; and it may be charged in equity with the payment of debts contracted by her without the concurrence of her trustee or husband, if the deed contains no restriction of her power to charge it.

[Braune *v.* McGee.]

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

This case is reported in 46 Ala. 170, under the name of *Brame* v. *McGee & Wife.* The bill was filed by Charles H. Braune, the appellant, against James McGee, Josephine A. McGee, his wife, and Foster M. Kirksey, the trustee of Mrs. McGee ; and sought to subject certain property, in the hands of said Kirksey as trustee, to the payment of a note or due bill for $57, executed by Mrs. McGee, dated and due on the 1st January, 1867. The property was held by said Kirksey under a deed, a copy of which was made an exhibit to the bill, and which was in these words : —

" *This indenture*, made by and between James McGee, Josephine A. Mason, and Foster M. Kirksey, witnesseth, that whereas, a marriage is shortly to be solemnized between the said James McGee and Josephine A. Mason, and the said Josephine will bring into said marriage property of much value ; and it being desirable that said property should be settled and secured to the sole use, benefit, and behoof of the said Josephine : Now, these presents *witnesseth*, that in consideration of the premises, and for the further consideration of one dollar to the said James and the said Josephine paid, they have granted, bargained, and sold, and by these presents do grant, bargain, sell, and convey unto Foster M. Kirksey, all and singular the property, real, personal, or mixed, to which the said Josephine is now, or may hereafter become entitled, as the heir, distributee, or legatee of her late father, Harry S. Mason, deceased, or of her brother, Sidney Mason ; *to have and to hold*, unto the said Foster M. Kirksey, upon the following trusts and *considerations*, viz. : Immediately after the solemnization, in trust to and for the sole and separate use, benefit, and behoof of the said Josephine, without being subject in any manner to the debts, contracts, or engagements of the said James McGee ; and in trust that he, the said Kirksey, *to* permit and suffer the said James and Josephine to keep and retain in their possession, during their joint lives, the slaves belonging to the said Josephine, and to take and receive the issues, profits, and labor of said slaves, for the support, maintenance, and use of them and any children they may have ; and also for the said James and Josephine to occupy and cultivate the land hereby conveyed, if they desire so to do ; said property not to be sold, or disposed of, save by the joint consent of the said James and Josephine, and the said Kirksey. And in further trust, that the said Kirksey shall take into his possession any and all bills of exchange, promissory notes, or evidences of debt, belonging to the said Josephine, or to which she may become entitled as aforesaid, and collect the same, and the proceeds thereof to reinvest in

land or negroes, as the said James and Josephine may direct, and the same, when so purchased or obtained, to be subject to the same conditions as hereinbefore specified respecting the land and negroes now owned by the said Josephine, or to which she may become entitled as aforesaid; and for the said Kirksey, in like manner, to receive and invest any moneys that the said Josephine may become entitled to, upon any division or distribution of the estate of the said Harry S. Mason, or of her said brother, Sidney Mason. In the event of the death of the said James McGee, his wife (the said Josephine) surviving, then the said property, rights, and interests therein, to be held by the said Josephine, freed and discharged from the trusts and conditions of this deed; and in the event of the said Josephine departing this life, leaving the said James surviving her, the said property to be disposed of and distributed as she may direct and authorize by her last will and testament; and upon her failure to make a will, then to go to the heirs-at-law of the said Josephine. And it is herein expressly provided, that the said Foster M. Kirksey, the trustee herein mentioned, may at any time resign his said trust, and retire therefrom, upon giving notice to the said James; and the said Josephine, together with the said Kirksey, *are* authorized to select and appoint some fit and suitable person as the successor of the said Kirksey, to carry out and execute the trusts herein specified, and who shall have the same powers and estate which *is* hereby given to the said Kirksey. In witness whereof, the said parties have hereunto respectively set their hands and seals, this 14th day of November, 1860." (Signed by said James McGee, Josephine A. Mason, and F. M. Kirksey, and attested by two witnesses.)

The chancellor sustained a demurrer to the bill for want of equity, because it did not aver that the complainant's debt was contracted with the consent of the husband and trustee of Mrs. McGee; and his decree is now assigned as error.

R. CRAWFORD, for appellant.

J. G. PIERCE, *contra.*

PETERS, C. J. — This cause was here on appeal, and reversed and remanded, at the June term, 1871; but this does not forbid a second appeal from a decree rendered in the case since the reversal, nor does it confine this court to the decision rendered on the former hearing. Although the law was once otherwise, it is now required that, "The supreme court, in deciding each case, where there is a conflict between its existing opinion and any former ruling in the case, must be governed by

# 362        SUPREME COURT

what, in its opinion at that time, is the law, without regard to such former ruling of the law by it." Rev. Code, §§ 666, 3510.

I am not able to perceive from anything apparent on the record, or urged in this court, that the present case differs, in any essential particulars, from the case which was brought here on the former appeal. The question, then, now presented, is whether the opinion of this court, delivered upon the decision of the former appeal, contains a correct exposition of the law governing the issue raised by the pleadings in the court below. There is nothing materially variant in the deed in this case, from what is usually inserted in an ordinary marriage settlement of the wife's estate on a trustee, to be held for her sole and separate use. So far as the record discloses, Miss Mason, now Mrs. McGee, was possessed of the absolute property in the estate mentioned and conveyed in her deed to Kirksey. It was, then, her separate estate, and would have continued so after her marriage with McGee, had no deed been made ; but she would have held it under the statute, and McGee, her husband, would have been her trustee. Rev. Code, §§ 2371, 2372. By the conveyance, she substituted Kirksey as trustee, instead of her intended husband, and made the conveyance her title to her estate instead of the Code. This she had the right to do. There was no law that forbid it. And being the absolute owner of her property, she could dispose of it as she pleased, under the limitations of the existing laws. *Crawford* v. *Kirksey*, at June term, 1872 ; 8 Wheat. 242 ; 7 Ala. 619 ; 2 Kent, 326, 327 ; 21 Ala. 590, 608 ; 8 Pet. 220, 238. But, as long as she retained any interest in it, she could not withdraw this interest from liability for the payment of such debts as she might be permitted by law to contract. All property, not exempt by legislative enactment from sale on execution, or other final process of any court, is held subject to the payment of the owner's debts legally contracted. Rev. Code, § 2871. A married woman is bound to pay such debt as she may contract, to the same extent that any one else would be ; and she cannot make a conveyance to defeat this liability thus imposed by law. If she is the owner of a separate estate under the law of the Code, she can only enter into such contracts as that system permits ; and these contracts must be enforced by the remedies given by the Code. *Wilkinson* v. *Cheatham*, 45 Ala. 337 ; *Cowles* v. *Marks*, at January term, 1872, 47 Ala. 612. On the other hand, if a married woman owns a separate estate in the hands of her trustee, conveyed to such trustee by contract, this is not held under the statute regulating the separate estates of married women, but under the conveyance by which it was created. An estate so held is sometimes distinguished as " a separate estate at common law," or " a contract separate estate."

[Bragg v. Clark.]

*Sprague* v. *Tyson*, 44 Ala. 338. A married woman, owning such an estate, "is regarded in equity, so far as her separate estate, created by contract, is concerned, as a *feme sole*, and she may bind her separate estate by *any contract*, by which she could bind herself if sole and unmarried," except so far as the deed is a limit to her powers. *Gunter* v. *Williams & Wife*, 40 Ala. 561; *Faulk* v. *Wolfe & Gillespie*, 34 Ala. 541; *Roper* v. *Roper*, 29 Ala. 247; *Booker* v. *Booker*, 32 Ala. 473; *Drake & Wife* v. *Glover*, 30 Ala. 382; *Forrest* v. *Robinson*, 4 Port. 44; *Brame* v. *McGee et al.* 46 Ala. 170, and cases cited in the opinion of PECK, C. J.

The due bill executed by Mrs. McGee, as alleged in the pleadings in this case, is a charge upon her separate estate in the hands of her trustee, Kirksey, or wherever it may be found within the jurisdiction of the court; and she is bound to pay it out of her separate estate, unless she can show that it is void for some legal reason, or that it is destitute of a consideration sufficient to support it, or that it was not executed by her or by her direction. *Ozley* v. *Ikelheimer*, 26 Ala. 332, and cases there cited; *Sprague* v. *Tyson*, *supra*.

There was, then, no misapprehension of the law of this case when it was here before; and we feel bound to adhere to the opinion then delivered by the venerable chief justice, who then presided as the head of this tribunal. The learned chancellor erred in sustaining the demurrer, as shown in the record, and dismissing the bill in the court below. He should have overruled the demurrer, and required the parties to proceed to trial on the merits, when they might be ready to do so, according to the rules of practice in that court.

The judgment of the court below is reversed, and the cause is remanded for further proceedings, in accordance with the law as expounded in this opinion. The appellees will pay the costs of this appeal, in this court, and in the court below.