JOEL D. CUTTS *v.* JOEL W. CUTTS.

The erroneous belief of a guardian, charged upon his non-compliance with a citation to settle an account when his ward became of age, that a subsequent settlement out of court, afterwards repudiated by the ward, made it unnecessary for him to appeal, is such mistake as will entitle the guardian to maintain a petition for leave to appeal under Gen. St., c. 188, s. 7.

A settlement made out of court is not a compliance with the condition of a guardian's bond, but it may be received as evidence upon a subsequent accounting in court.

Filing a petition for leave to appeal is a waiver of such settlement, or is an admission that it is not conclusive.

The general rule is, that the father, if of sufficient ability, is bound to support his minor children, notwithstanding they have property of their own.

In the settlement of a guardian's account, items may be adjusted without resort to a circuity of litigation that is practically unnecessary.

When a guardian, appealing from a probate decree charging him upon his non-compliance with a citation to settle an account, obtains a reduction of the amount for which he was charged, he may be subjected to costs on the ground that the appeal was a consequence of his neglect of duty.

PETITION, for leave to appeal from a decree of the probate court made June 28, 1876, charging the plaintiff with the sum of $804.92 on settlement of his account as guardian of the defendant. Facts found by a referee. The plaintiff was duly cited to settle, of which he had actual notice, but neglecting to appear, an account was stated for him by the judge. August 19, 1876, the parties settled, the defendant accepting the plaintiff's note for $100 in full satisfaction of his claims against the plaintiff as his guardian, and discharging the plaintiff and his sureties from their bond to the judge of probate. The further facts appear in the opinion of the court.

*Bowers*, for the plaintiff.

*Wait*, for the defendant.

SMITH, J. The plaintiff supposed the settlement of August 19 was satisfactory to the defendant and binding upon him, and did not ascertain that it was not until after the expiration of sixty days from the time of the decree in the probate court. This is such accident, mistake, or misfortune as enables the plaintiff to maintain his petition for leave to appeal. *Parker's Appeal*, 15 N. H. 24 ; *Matthews* v. *Fogg*, 35 N. H. 289 ; *Tilton* v. *Tilton*, 35 N. H. 430.

The settlement out of court was not a compliance with the plaintiff's bond, which obliged him to render an account in the probate court when required. *Kittredge* v. *Betton*, 14 N. H. 401; *Stark* v. *Gamble*, 43 N. H. 465, 467. But it may be received as evidence that he ought not to settle a further account. *Kittredge* v. *Betton, supra,* 401. The plaintiff, by filing this petition, waives the settlement of August 19, or at least admits that it is not conclusive.

It further appears that Willard Gould died in 1862, intestate, seized of certain real estate, and leaving a widow, Polly Gould (who died in 1866 intestate), and two grandchildren, Joel W., the defendant, and Mary M. (who died in 1864 under age and unmarried), children of the plaintiff by his wife Barbara (who died in 1854), daughter of Willard Gould. After the death of Polly Gould, the plaintiff, as guardian of the defendant, sold the real estate under a license, as the property of his ward, for $441.66. He also received from the administrator of Polly Gould $105.85, being the balance in his hands upon settlement of his administration account. The plaintiff was charged with these two sums by the probate court, with interest to June 28, 1876, making a total of $804.92.

The real estate descended from Willard Gould to his grandchildren, subject to the dower and homestead rights of his widow. Upon the decease of Mary, her interest descended to the defendant, her brother (subject to the same life estate), to the exclusion of the plaintiff, the estate having been derived by descent from her maternal grandfather. Rev. St., *c.* 166, *s.* 2; Gen. St., *c.* 184, *s.* 2; *Crowell* v. *Clough*, 23 N. H. 207. As Mary died before her grandmother, the sum of $105.58 descended directly to the defendant as her sole heir, and not through Mary. The guardian was properly charged, therefore, with this sum, and with the proceeds of the sale of the real estate.

The plaintiff claims to be credited for the expenses of his daughter during her last sickness, and for her funeral charges; also for the board and clothing of his son from the age of twelve to the age of twenty-one. The referee finds that the plaintiff could not pay the expenses of his daughter's last sickness and funeral charges, without contracting an indebtedness to an equal amount, but was able to support and educate his son according to his circumstances and condition in life during his minority, and did not expend more than was reasonably required.

When minor children have property of their own, the father is bound, notwithstanding, to support them if of sufficient ability. 2

Kent's Com. 191; *Whipple* v. *Dow*, 2 Mass. 415, 419; *Dawes* v. *Howard*, 4 Mass. 97; Reeve Dom. Rel. 324. The plaintiff being of sufficient ability cannot be allowed for the support of his son. To the allowance of the extraordinary expenses of the daughter, the defendant objects, (1) that the plaintiff paid them out of his own estate; (2) that having sold the real estate as the property of the defendant, he is estopped to say that any part of it belonged to Mary; (3) because the charges can only be allowed, if at all, through administration upon her estate. It is apparent that the same result now sought to be reached would be attained through administration upon her estate, but with considerable expense and delay. There is no suggestion that there is any other estate to be administered upon, or any other claims to be allowed. This proceeding is in some measure an equitable one, and it would be unreasonable to subject the parties to the expense and delay of administering upon the estate of Mary, considering the small amount in controversy. It is apparent that no injustice was done to the defendant by selling the whole of the real estate as the defendant's property, and that none will be done by allowing the plaintiff in this proceeding whatever sum he is entitled to be credited on account of his expenditures for his daughter. *Mercer* v. *Pike*, 58 N. H. 286. The deductions to which the plaintiff is entitled, with interest to June 28, 1876, amount to $285.00.

This appeal is a consequence of the plaintiff's failure to obey the citation to settle his account in court. Such neglect of duty should be discouraged; and the defendant may recover the taxable costs of this proceeding. *Lucy* v. *Lucy*, 55 N. H. 9.

*Decree of the probate court modified.*

All concur.