HARRIS v. DAVIS.

1. Where the wife of D. filed a bill in Chancery for divorce and alimony, on the ground among others, that the husband was a lunatic; and the Chancellor made an order, allowing a thousand dollars per annum, for the support and maintenance of herself and children; the husband being afterwards restored to sanity, and the bill dismissed, held, that an action of assumpsit would lie against the husband, to recover a sum of money, due for the tuition of the children, on a contract made by the wife, pending the bill in Chancery.

Error to the Circuit Court of Franklin county.

THIS action of assumpsit was brought in the court below, by the present plaintiff, against the present defendant, in which the defendant had judgment.   The following facts were admitted on the trial of the cause: That the account which was for the boarding and tuition of the defendant's children was correct; that the wife of the defendant, sometime during the year, 1837, filed a bill in Chancery against her husband (the defendant,) for

divorce and separate maintenance; alleging that her husband treated her with cruelty, and was a *non compos mentis*, and incompetent to take charge of her children, and prayed that the guardianship of her children, (for whose boarding and tuition this suit is brought,) might be given to her, on the ground that the defendant was incompetent to the charge; and that an allowance be made for their maintenance: That the Chancery Court, by an order in the chancery suit, made an allowance to the wife, of a thousand dollars per annum, until the final hearing of the cause; for the maintenance of herself and her children, above alluded to: That in accordance with this decree, the defendant's wife lived separate and apart from him, with her children; and during the time, contracted the account sued for. An execution issued for the separate allowance to the wife, but was not collected, because the defendant and his wife came into court, and dismissed the bill, for divorce and separate maintenance.

Upon these facts, the plaintiff's counsel moved the court to charge the jury, that the defendant was liable to the plaintiff, for the amount of the account thus contracted; which charge the court refused, and charged the jury, that, if the account sued on, was contracted by the wife, after the allowance made by the Chancellor, and between that time, and the time that the defendant and his wife lived together again, that the husband was not liable for the amount of the account.

To the refusal to charge, and to the charge as given, the plaintiff excepted, and now assigns the same as error.

NOOE, for the plaintiff in error.

ORMOND, J.—This case is distinguishable from the case of Westmoreland v. Davis, decided at the present term of this Court, in this, that if the plaintiff cannot maintain this action, he is without remedy; as it is very certain, that an action will not lie against the wife of the defendant, after the restoration of the husband to sanity, and the consequent dismissal of the bill for a separate maintenance.

Harris v. Davis.

There is, however, a clear moral obligation, on the part of the defendant, to pay for the boarding and tuition of his children; and such being the case, he would be liable, on an express promise, to pay the debt, in a court of law; and it would seem to follow, that as in equity and good conscience, he ought to pay a debt incurred for his benefit, under the sanction of an order of the Court of Chancery, that Chancery would enforce its performance. Such being the case, I think this action, which is in the nature, in many respects of a suit in equity, may be maintained, from the necessity of the case; as otherwise, there would be a failure of justice, which would be a reproach to our law. No good reason can be assigned for turning the plaintiff round to file a bill in Equity, where the rule of decision, and the reason for granting the relief, must be the same, as in the action of assumpsit.

Let the judgment be reversed, and the cause remanded.