## HINDMAN v. DILL & Co.

1. A deed reciting that the grantor is unable to pay all his debts, and conveying certain slaves to a trustee to pay a preferred creditor, at the expiration of two months from the date of the deed, and also providing the slaves shall remain with the trustee, is not void *per se,* because it also provides, that the residue remaining after paying the preferred debt shall be paid to the grantor.

Writ of Error to the Circuit Court of Barbour.

CLAIM of property interposed by Hindman to certain slaves

87

levied on by attachment against one Cross, at the suit of Dill & Co.

At the trial, the claimant made title to the slaves in controversy under a deed executed by Cross, the 6th of February, 1846, conveying them to him in trust for the payment of a debt to Sarah and Nancy J. Smith, for $700, providing that if the said debt was not paid in two months from the date, the said trustee should sell the said slaves, and apply the proceeds to the payment of said debt, and the balance, if any, to pay to the grantor. The deed also recites that the grantor is indebted greatly beyond his means to pay all his debts, and this is stated as the reason for the preference. The deed contains a provision that the trustee shall have the possession of the slave in the interim, and it appears to have been duly recorded in the office of the clerk of the connty court.

The court charged the jury that the deed was fraudulent and void on its face.

The claimant excepted, and this charge is now assigned as error.

J. E. BELSER, for the plaintiff in error, cited Malone v. Hamilton, Minor, 266; Stevens v. Bell, 6 Mass. 363; Johnson v. Cunningham, 1 Ala. Rep. 249; Graham v. Lockhart, 8 Ib. 9. The decision in Goodrich v. Davis, 6 Hill N. Y. 438, is not the law of this State. [See 9 Porter, 573; Robinson v. Rapelye, 2 Stew. 86.]

P. T. SAYRE, contra, insisted, the provision withdrawing the property from sale for two months made the deed void. The provision that the surplus of the sale should be returned to the grantor in a case like this avoids the deed. [Goodrich v. Davis, 6 Hill N. Y. 438.]

GOLDTHWAITE, J.—In view of the numerous decisions of this court on the subject of fraudulent conveyances, it is impossible to sustain the charge of the circuit court, that this deed is fraudulent upon its face. It may be conceded, the deed admits the grantor to be in failing circumstances, but

this of itself cannot destroy his legal right to prefer a creditor. [Robinson v. Rapelye, 2 Stew. 86; Ashurst v. Martin, 9 Porter, 173.] Nor is the reservation of what may remain after paying the preferred debt a trust for the debtor's *use*, within the meaning of those decisions which avoid the deed when such a use is reserved. It is rather the declaration in terms, of what would otherwise be the legal effect of the deed without a clause to that effect. [Johnson v. Cunningham, 1 Ala. Rep. 262; Elmes v. Sutherland, 7 Ala. Rep. 262; Dubose v. Dubose, Ib. 235; Pope v. Wilson, Ib. 690; Graham v. Lockhart, 8 Ib. 9.]

We have had our attention called to the recent decision of Goodrich v. Davis, 6 Hill, 438, in which it seems to be considered that a deed like this, in New York, is fraudulent *per se*. That conclusion was doubtless controlled by the statute law of that State, which declares a deed void if it reserves a trust for the *use* of the person making it. We are not prepared to say, that under the circumstances disclosed in that case, we should have considered the trust as one for the debtor's use, but however that may be, it is certain that here, without any particular statutory declaration, such a reservation of a personal use, or even of a right to lead the use, would avoid a deed assigning all the debtor's property. [Gazzam v. Poyntz, 4 Ala. R. 374.]

We think there is nothing on the face of this deed which authorizes a court to pronounce it void.

Judgment reversed and cause remanded.