## GRIMSHAW AND BROWN v. WALKER.

1. An assignment by an insolvent, conveying all his property to trustees, and giving preferences to certain creditors, and directing first, the payment of certain preferred creditors, "the surplus, if any, to be appropriated to the other creditors rateably, who shall within four months execute a release of their claims, and if there be any surplus, after fulfilling all the trusts aforesaid, the same shall be paid over to the said R. L. W," is such a stipulation, for the benefit of the debtor, as renders the deed fraudulent and void.

2. An improper decree of the chancellor, cannot be upheld, upon the ground, that he determined a demurrer to the bill improperly, for want of proper parties, and uncertainty.

Error to the Chancery Court of Mobile.

THE plaintiffs in error filed their bill as judgment creditors of Robert L. Walker, to set aside a deed of assignment made by him, for the benefit of certain of his creditors. The deed conveys to trustees all the real and personal estate of the grantor in trust, that as soon as convenient, they would dispose of the lands, collect the debts, &c. and from the proceeds, first to pay certain debts due and owing from Walker for cotton balances, and borrowed money, as shown in a schedule marked C. Next, a debt due the estate of Alexander J. Jude—the surplus, if any, to be appropriated to the other creditors rateably, who shall within four months from the date of the deed, execute a release of their claims, "and furthermore, if there be any surplus, after fulfilling all the trusts, aforesaid, the same shall be paid over to the said Robert L. Walker, his heirs, executors, &c."

The bill charges fraud in the making of the deed.

The defendants answered, denying all fraud, and that the deed was *bona fide.*

The chancellor considering the deed valid on its face, and there being no proof of fraud in fact, dismissed the bill; from which this writ is prosecuted.

Grimshaw and Brown v. Walker.

CAMPBELL, for plaintiff in error.
W. G. JONES, contra.

ORMOND, J.—The principal question to be determined, arises upon the last clause of the deed, which it is insisted created a resulting trust in favor of the grantor, and rendered the deed void.

The law of this court, on the subject of assignments by an insolvent, is thus stated in Ashurst v. Martin, 9 Porter, 566: "A debtor may convey his property in trust to pay one or more creditors in full, or to pay his creditors in unequal proportions, provided he relinquishes all control over it, and stipulates for no pecuniary interest to himself, but fairly, and *bona fide*, appropriates it to the payment of his debts." This is again considered, and re-affirmed, in Gazzam v. Poyntz, 4 Ala. 379, and may be considered as the settled law of this court. See also Hyslop v. Clark, 14 Johns. 458; Austin v. Bell, 20 Id. 442; Mackie v. Carnes, 5 Cow. 547.

The only question, then, is, whether this assignment, being made by an insolvent, and conveying all his property to trustees, by a deed giving preferences to certain creditors, does provide for a pecuniary benefit to the grantor.

By the terms of the deed, the trustee is required, after the execution of the trusts, to pay over the surplus, if any, to the debtor. What are the trusts of the deed? First, to pay the preferred creditors. Second, such of the remaining creditors as within four months executed a release, and the residue, if any, to the debtor. It is very clear there was no authority on the part of the trustees, to pay any creditor of the second class, who did not release, but the effects, which in the event of a release are to be thus appropriated, if no such release is made, are to be paid to the debtor. If such a conveyance can be permitted, it will be in the power of an insolvent debtor, by a conveyance to a trustee, to place his property beyond the legal pursuit of his creditors—to exact from them a release, as the condition upon which they shall be permitted to participate in the property thus conveyed, and in the event of their refusal, that the property thus placed beyond their reach, shall be restored to him. This is a direct stipulation for the benefit of the debtor, and is such an invasion of the

rights of creditors, as makes the entire deed void, within the letter of the case of Ashurst v. Martin, *supra.* The precise question here discussed, was fully considered in that case, and it was there determined, that such a provision as this would render the deed void; but that the true meaning of that deed was, that such of the preferred creditors as refused to execute a release, were not cut off from all participation in the benefits of the assignment, but were placed in the last class, amongst whom all the residue was to be divided, and that as all the assigned effects were devoted to the payment of the creditors, there could be no resulting trust to the grantor.

This principle, as applicable to such a provision, is asserted by Chancellor Kent, in his 2 Com. § 39, where the leading authorities are collected, and examined. See also, Burd v. Smith, 4 Dall. 76; Seaving v. Brinkerhoff, 5 Johns. Ch. 332; Harris v. Sumner, 2 Pick. 129; Passmore v. Eldridge, 12 S. & R. 198.

This is not like a clause in a deed providing for the payment of all the creditors, and directing the trustee to pay the surplus, if any, to the grantor, because that would be the legal effect of the deed, if no such provision was inserted.— [Johnson v. Cunningham, 1 Ala. 259.] Nor is there any thing in the case of Hindman v. Dill & Co. 11 Ala. 689, adverse to the view we are now taking. That was not the assignment of all the effects of the debtor, but was merely the exercise of the admitted right of a debtor, to prefer one of his creditors, by a conveyance of slaves to a trustee, to be sold for the payment of the debt; and if the sale yielded a larger sum than was necessary to pay the debt, the law implied that it was to be paid over to the grantor. There was therefore no impropriety in inserting such a stipulation in the deed.

The difference between that case, and the present, is, that here all the effects of the debtor were transferred to the trustee, not absolutely for the payment of the creditors, but upon condition that they agreed to certain terms which the debtor imposed on them, and if they did not agree to these terms, then the property, or its avails, or such portion of it as was not paid to the creditors, was to be returned to the grantor. The only coercion the debtor can lawfully exercise over his

creditors, when by a general assignment he has placed his property beyond their control, by legal pursuit, is, in regard to the order of their payment. Thus he may provide, that those who release shall be preferred to those who do not, but he cannot place the property beyond the reach of his creditors, and dictate the terms on which they shall enjoy its benefits, at the peril of having it restored to him, if they do not accede to the terms imposed on them. There is in principle no difference between such a provision, and one giving to the debtor, or his trusteee, the right to declare the uses, by changing the order of preference. In both cases a right is reserved by the deed, of control over the creditors. In this case, the effect of the provision is an admonition to the creditors, not provided for, that if they do not release, the property, or what is still worse, its avails will be restored to the debtor. Yet no principle is more decisively settled by the decision of this, and other courts, than that a deed of assignment to be valid, must distinctly declare the uses; and that no control, or coercion, can be reserved in the deed, to be exercised, either by the debtor or his trustee; and that no benefit can be stipulated for by the debtor. He may declare the order in which the creditors shall be paid, and may exact a release from future liability as the price of the preference; beyond this he cannot go. See this doctrine elaborated in Gazzam v. Poyntz, 4 Ala. 380, and cases there cited. This deed being in violation of these well established principles, is null and void.

The objection for the want of proper parties, cannot be made by the defendant in this court, as the chancellor overruled the demurrer to the bill for this cause. If the objection had been tenable, and sustained by the chancellor, the effect would not have been a dismissal of the bill, but the party would have been permitted to amend. It cannot be therefore urged here as a justification for the chancellor, in dismissing the bill for another insufficient cause.

For the same reason no objection can be made here to the bill for uncertainty, in not sufficiently describing the decree of the complainant, which is the foundation of the bill. If

the objection had not been overruled by the chancellor, the bill would have been amended.

The decree dismissing the bill must be reversed, and the cause remanded for further proceedings.