## BROWN, Trustee, vs. LYON & O'NEAL.

1. The omission in a deed of assignment to specify the property assigned does not render it fraudulent on its face, but is a circumstance merely to be weighed by the jury in determining the question of fraudulent intent.

2. Where a deed of assignment makes the prefered creditors parties, but does not require them to execute it, their assent will be presumed, if the deed is beneficial to them and imposes no restriction upon their rights.

3. A deed of assignment, which devotes the property unconditionally to the payment of debts of the prefered creditors, is complete and executed as to them immediately upon its delivery, notwithstanding it requires the rest of the grantor's creditors to execute it within six months as a condition to their participation in the residue.

4. A deed of assignment, appropriating the property unconditionally to the payment of certain prefered creditors, and the residue, *pari passu*, to all other creditors who shall within six months execute the deed, is not vitiated by the implied reservation of such residue to the grantor, in the event the latter class of creditors should fail or refuse to comply with the condition prescribed.

Error to the Circuit Court of Tuscaloosa. Tried before the Hon. Geo. D. Shortridge.

This was an action of trespass instituted by the plaintiff against the defendants in error to recover damages for forcibly taking and carrying away certain goods and chattels, which he alleged were his property. The plaintiff to make out his title offered in evidence a deed of assignment executed to him by one Theron Brown, on the 10th of May 1845, by which he conveyed to him "all and singular the goods, wares, and merchandize, bills, bonds, notes and other securities for money, debts, monies, stock in trade, chattels and personal estate and effects whatsoever and wheresoever which the said party of the first part is possessed of, or interested in or entitled to, together with all the books of account, vouchers and other papers in any wise concerning the same, and all the right, title, interest, claim and demand whatsoever of said party of the first, of, in, and to the same," in trust, out of the proceeds, to pay certain specified creditors of the said Theron Brown in full, and if there should then be a residue, "to pay and satisfy as far as the said residue

may suffice, *pari passu*, and without preference or priority, such of the (other) creditors of the said party of the first part, as shall within six months from the date of these presents, execute the same, towards the satisfaction of their repective debts, proportionably, so far as said residue may extend to satisfy the same." The deed had been duly recorded and its execution was proven at the time it was offered in evidence, but the court, upon the objection of the defendant, excluded it on the ground that it was fraudulent on its face. The plaintiff thereupon took a nonsuit and now assigns the ruling of the Circuit Court as error.

J. L. MARTIN, for the plaintiff in error:

1. The deed was improperly rejected by the court below, for as the case was presented on the record when the defendants' motion was made and sustained, the defendants were mere trespassers, and consequently the deed was admissible.

2. The ground upon which the deed was rejected, that it is fraudulent upon its face, is not true, and cannot be sustained.— Robinson v. Rapelye & Smith, 2 Stew. 86; Ashurst v. Martin, 9 Port. 566; Gazzam v. Poyntz, 4 Ala. 374. As no difficulty can be found in applying our own decisions to this case, I shall cite but few of the numerous decisions of other States.—5 Pick. 32; 6 Greenl. 395.

PECK & ORMOND, for the defendants:

1. There is but one question presented upon the record, the propriety of the rejection of the deed. That the deed is to be considered as fraudulent on its face, is established by repeated decisions of this court.—Ashurst v. Martin, 9 Port. 566; Gazzam v. Poyntz, 4 Ala. 379; Grimshaw & Brown v. Walker, 12 ib. 102; Goodrich v. Downs, 6 Hill (N. Y.) 438.

2. The deed in this case is identical in principle with the one in Grimshaw & Brown v. Walker, *supra.* It shows it was made by an insolvent, is a conveyance of all the property of the grantor, and as it provides for a return of the property to the grantor if the creditors do not within a certain time assent to the deed, it falls directly within the principle above decided. See also Goodrich v. Downs, 6 Hill (N. Y.) 438; Green v. Wakeman, 11 Wend. 187; Austin v. Bell, 20 Johns. 447; Passmore v. Eldridge, 12 S. & R. 198.

Brown, trustee, v. Lyon & O'Neal.

PARSONS, J.—The question is whether the Circuit Court erred in excluding the deed of assignment from the jury, on the ground that it was fraudulent on its face. The deed does not show specifically what was conveyed, either by schedule or otherwise, although it included money and choses in action. It does not state the quantity or amount of any thing. The dissenting creditors of the grantor might be very much embarrassed in an attempt to recover their debts, because they could have no aid from the deed in ascertaining the particulars of what was conveyed, although part of it was money and another part choses in action. Neither could they ascertain, by any aid from the deed, the proportion which the debts bore to the entire value of all that was assigned. If there was a great disproportion, as if the value of what was assigned very far exceed the amount of the preferred debts, it might tend to show a fraudulent design in the parties to the deed. This disproportion may have been so great as to furnish a motive for its concealment. It is said that "fraud lurks in loose generalities," and we are satisfied that the omission to show specifically by the deed the effects that were assigned, is a circumstance to be considered by the jury, in connection with all the evidence in the cause, upon the question of a fraudulent intent.—See the opinion of Tilghman, Chief Justice, in Wilt v. Franklin, 1 Bin. Rep. 502. But our predecessors held, twenty years ago, that this circumstance is not sufficient to render a deed fraudulent on its face.—Robinson v. Rapelye & Smith, 2 Stew. R. 86. After such a length of time and after so many rights have grown out of that decision, it is by no means our intention to overrule it. But it was not necessary for the court to go beyond the question whether the deed was fraudulent on its face. The opinion of the court in that case, as limited and explained by the question that was before it, is authority upon the point and must stand.

2. We can presume, according to repeated decisions of this court, that the prefered class of creditors all duly assented to this assignment, because it was for their benefit, and no release, delay of suit or other prejudice was required of them by the deed. The persons composing the prefered class are the parties of the third part in the deed. They were not required to execute the deed; they were the only creditors who were parties to the deed; the assent of all of them is to be presumed. Hence

the opinion in Elmes v. Sutherland, 7 Ala. 262, and other sim-
ilar cases, does not affect the present question. In the case of
Elmes v. Sutherland, and other similar cases, the principle is
established that, in those and the like cases, the deed of assign-
ment was invalid to pass the property to the trustee, until as-
sented to by all the creditors whose debts were intended to be
secured—that until such assent, the deed operates only as a
power which is revocable by the grantor and which is revoked
or annulled by the levy of an execution against the grantor upon
the property.  But this principle does not apply to cases like
the present, in which the assent of all the creditors, who are
parties to the deed, is to be presumed.—Smith v. Leavitts, 10
Ala. 92.  In this case the question does not arise, whether the
actual dissent of a single creditor who is a party to the deed and
in the class first provided for, can thereby prevent the deed
from becoming effectual in favor of the other creditors, the deed
not providing against such a consequence.

3.  But we think this deed does provide against such a con-
sequence, in reference to the grantor's creditors who are not
parties to the deed.  For them a provision is made out of the
residue of the trust funds, after the first class is satisfied.  This,
the postponed class, according to the deed, is to consist of such
of the grantor's creditors as should, within six months, execute
the deed, and none of them did so.  In such case, it has been
held that they can only claim the benefit by actually executing
the deed.—Garrard v. Lord Lauderdale, 3 Simons, 1.  All
that was assigned was devoted in the first place, to the satisfac-
tion of the class of creditors who were parties to the deed and
as to whom it took effect immediately.  There could be no
resulting interest to the grantor, in default of other creditors be-
coming parties, until the first class of debts was all paid.  As
to the *residue,* a provision was made for such of the other cred-
itors as should execute the deed within the time limited.  The
provision for them was conditional in its nature.  If they have
lost their provision, by not complying with the deed, that can-
not affect the previous debts, because it would be manifestly
contrary to the intention of the parties to the deed, as is plainly
to be infered from the deed itself.  Hence this deed has pro-
vided against such a consequence.  The power of the grantor
to do this cannot be doubted.  It was his intention, as we infer

from the deed, to create rights between the two classes as distinct as those of a first and second mortgagee. This he can do by one deed as well as by two, for the thing done must depend rather upon the intention of the party than the number of deeds. The question now under consideration is not one of fraud.— Hence those decisions in which it has been settled that a deed fraudulent in part, as against the statute of frauds, is entirely void, do not affect this question. But the question here is, whether the assignment was complete, or the deed fully executed for any purpose, and we think it was so in relation to the prefered creditors, who were not dependent upon the acts or omissions of the next class.

. 4. The counsel for the defendants contend that the interest resulting to the grantor is a ground for holding that this deed is void *per se.* The deed bestowed that interest upon the trustee for the benefit of those creditors of the grantor who should execute the deed within the time limited. It was by the deed confined to the residue after discharging the prefered debts: And if there was a residue, it is true, it resulted to the grantor, as those creditors did not execute the deed, but it resulted by operation of law. There was no stipulation or reservation of this kind in the deed. It is conceived that the authorities cited. by the defendants' counsel do not apply. It was held in Grimshaw & Brown v. Walker, 12 Ala. Rep. 101, that an express stipulation of this sort made the deed void, because the deed in that case required certain of the creditors to release their claims. The deed in the present case only requires a portion of the creditors to execute it within a limited time, by which they could have been prejudiced in no respect. No release was required from any of them. The New York decisions in reference to express stipulations for the benefit of the grantor, as to return to him the surplus, are very strong, but their statutes are not identical with ours.—See Goodrich v. Downs, 6 Hill's Rep. 438. We think there was error in excluding the deed from the jury.

Let the judgment be reversed and the cause remanded.