## SMITH ET AL. vs. PEARSON.

1. A liability to pay hire for slaves, upon an implied promise, will only be raised against the person who had their possession and services.

APPEAL from the Chancery Court of Tallapoosa.
Heard before the Hon. JAMES B. CLARK.

JEFFERSON FALKNER, for the appellant.

WHITE & PARSONS, *contra*.

RICE, J.—The bill in this case was filed by the appellee, to redeem certain slaves which he had conveyed to Isaac T. Smith and Isaac Smith, by a bill of sale absolute on its face. Among other things, the bill alleged, that the appellee borrowed a certain sum of money at the time said bill of sale was executed, and that the bill of sale was executed as a mere security for the money so borrowed, and was so understood at the time by all the parties. After the filing of the bill, Isaac T. Smith died, and Mary Smith became the administratrix of his estate, and a party to this suit as such administratrix. The right of the appellee to redeem the slaves was established by a decree of the chancellor, which was affirmed by this court at its January term, 1854.—Smith *et al.* v. Pearson, 24 Ala. 355. Since that affirmance, an account has been taken in the court below under said decree, to ascertain the amount of money lent to the appellee, and interest thereon, and the amount of the annual hires of said slaves. From the account so taken it appears, that after paying off the amount of money lent to the appellee, and interest thereon, out of the hires of the slaves, there remains due to the appellee, for the hires of the slaves, a balance of four hundred and forty-four dollars, one and a half cents; and that, for this balance, the chancellor rendered a final decree, and awarded execution against Isaac Smith, as well as against the said administratrix of Isaac T. Smith. It appears, also, that the slaves went from the possession of the appellee into the possession of Isaac T. Smith, and continued in his possession until his death, and ever since his death have been in the possession of his administratrix, (who is his widow). The slaves have never been in the possession of Isaac Smith.

We know of no principle recognized by courts of equity, which authorizes the decree, so far as it makes Isaac Smith liable for the balance remaining due for the hire of slaves which never were in his possession, but have been continuously in the possession of Isaac T. Smith (the very person to whom appellee delivered them) and of the legal representative of said Isaac T. Smith. There was no express contract of hire,

And when resort is had to a court of equity, or a court of law, to charge a party for the hire of slaves, upon the idea of an *implied promise* to pay hire, the liability will only be implied against the party who had the possession and services of the slaves. Such seems to us to be the dictate of reason and justice.—Harris v. Davis, 1 Ala. 259 ; Westmoreland v. Davis, 1 *ib.* 299 ; Elliott v. Boaz, 13 *ib.* 535.

We have carefully examined the evidence, and all the matters assigned for error ; and we cannot say that the chancellor erred in any other respect than in adjudging Isaac Smith to be liable for the balance of the hire of the slaves as above shown. For the error in this particular, the final decree is reversed, and here rendered in favor of the appellee, in all respects as in the court below, except that there is to be no decree against Isaac Smith for any portion of said sum remaining due for the hire, to-wit, said sum of four hundred and forty-four dollars, one and a half cents. The appellee must pay the costs of this court.