# Flournoy & Epping *v.* H. Lyon & Co. *et als.*

## *Garnishment.*

1. *Garnishment; what not subject to.*—An assignment by the members of an insolvent partnership, to a trustee, of all their property of every kind and description, for the equal benefit of creditors, "except such individual property as may belong to either of the members of the firm, as may be exempt by law," is not fraudulent in law as to creditors, though there be no schedule of the property reserved ; and property or effects thus held by the trustee, cannot be condemned on garnishment at the suit of a creditor against the trustee.

APPEAL from Pike Circuit Court.
Tried before Hon. HENRY D. CLAYTON.
The opinion states the facts.

JOHN D. GARDNER, for appellants.

N. W. GRIFFIN and J. P. HUBBARD, *contra.*

MANNING, J.—This action was begun by attachment of Flournoy & Epping against H. Lyon & Co.; and Griffin & Brock were summoned to answer as garnishees. They denied any and all indebtedness to defendants, but acknowledged, that a deed of assignment had recently been made to them as trustees by H. Lyon & Co. of all their property, credits and effects, for the benefit equally of all their credit-

ors, and that they, the garnishees, were in possession of some of the personalty so conveyed to them. The deed of assignment is set forth. A motion was made by plaintiffs (appellants here) for a judgment against the garnishees upon their answers ; which motion was overruled. Afterwards the garnishees were discharged. Appellants excepted.

Judgment was claimed against the garnishees upon the supposition and contention that the deed of assignment was fraudulent as to creditors and void. It undertakes to convey to the trustees all the property of the grantors of every kind and description, "except such individual property as may belong to either of the members of the firm, as may be exempt by law." Upon this clause chiefly, and because it does not specify what the individual property is which shall thus be exempt, it is insisted that the deed is void.

That instrument is in form and in all its provisions, except the one just quoted, almost identical with the deed which was sustained by this court in *England & Lee v. Reynolds et al.*, (38 Ala. 370), and according to rulings made in other cases here, a clause reserving from such a conveyance, property which is exempt for the owner's use, from execution or sale for the payment of his debts, does not impair the validity of the conveyance. "Certainly," said WALKER, C. J., "outside creditors can not be prejudiced by the exclusion of property which the law places beyond their reach."—*Walthall's Ex'or v. Rives, Battle & Co.*, 34 Ala. 96 ; *Young v. Dumas*, 39 Ala. 60.

The failure to describe the property and effects conveyed, either in the instrument or in a schedule, does not impair the validity of the assignment.—*Robertson v. Rapelge*, 2 Stew. 86 ; *Brown v. Lyon*, 17 Ala. 659 ; *England v. Reynolds, supra*. And the omission of a schedule of the private property of the individual members of the firm, can not be of greater consequence than the omission of such descriptive list of that of the firm. Besides, for aught that appears, excepting the apparel of the individual partners, and other things for personal use, which were exempt from sale for the payment of their debts, all the property in which they had any interest may have been that which belonged to the partnership ; and the exclusion only of their exempt private property from the conveyance, perhaps, was designed to show that, conforming to the decision of this court in *Giovanni v. The Bank*, 55 Ala. 305, they did not claim that any of the partnership property was exempt.

We do not perceive on the face of this deed any thing which would justify a court in declaring it to be fraudulent in law. When an instrument expressly devotes, as this does,

[State, ex rel. Moniac v. Brewer, Auditor.]

all the property and effects of the failing makers of it, to the payment of all their creditors equally—an act which the law approves—there must be something more than a mere suggestion, unsupported by evidence, that the persons making the assignment may in some manner be improperly benefited by it, to justify a court in pronouncing the assignment void, and taking the property from all the creditors to appropriate it to the payment of one.

There was no error in the ruling of the Circuit Court, and its judgment is affirmed.