McReynolds v. Dedman.

---

## McREYNOLDS v. DEDMAN.

ASSIGNMENTS: *Preferences; Releases; Reservation of surplus; Attachment.*
An assignor may make preferences, and exact releases from creditors who assent

McReynolds v. Dedman.

to the assignment, but if he reserves to himself, to the exclusion of non-assenting creditors, the surplus that remains, the deed is fraudulent upon its face, and will justify an attachment by a non-assenting creditor, of the property assigned.

APPEAL from *Benton* Circuit Court.
Hon. J. M. PITTMAN, Circuit Judge.

*E. P. Watson* and *L. H. McGill* for Appellants.

It is not a fraud on creditors for the debtor to retain exemptions allowed him by law. *Bump Fr. Conv., 403, 245; Burrell on Assign., 284; 31 Ark., 554; 22 Am. L. Reg., 265.*

Releases may be exacted as a condition of preference, or as a condition of participation in the benefits of the assignment. *Burrell Ass., 251; Sec. 3374 Mansf. Dig.; Bump Fr. Conv., 628; 10 Burr. Ass., 270.*

A deed, exacting releases and reserving the surplus against non-assenting creditors, is valid. *3 Price (Exch.), 6; 5 Pick., 28; 2 R. I., 547; 4 Wash. C. C., 232; 2 Binney, 174; 4 Barr, 430; 7 Serg. & R., 510; 10 Ib., 439; 3 Watts, 198; 8 W. & S., 304; 5 Rawle, 221; 7 Pet., 608; 8 Leigh, 271; 8 Gratt, 457; 5 N. H., 113; 1 Curt., 471; 7 Neb., 433; 23 Fed. Rep., 421; Burr. Ass., 276; Bump. Fr. Conv., 399, 400, 401; 22 Am. L. Reg., 264 and notes; 36 Ark., 426.*

*U. M. & G. B. Rose, Ellis & McDaniel, H. A. Dinsmore,* for Appellee.

The deed is void upon its face.

1.   It exacts releases from all assenting creditors, and provides that any surplus remaining after they are paid shall be restored to the assignor. *6 Wall., 299; 2 Kent Com., 534; Bump. Fr. Conv., 436–7, 3 ed.; Burrell on Ass., 4 ed., 291, sec. 209; 3 Md., 49; 17 Vt., 390; 16 Md., 101; 12 Ala., 101, 664; 8 Ind.,*

*101; 14 Id., 128; 1 Head, 34; 7 Pet., 608; 3 Watts, 198; 6 Conn., 276; Ware's Rep., 247; 4 Comst., 24; 2 Hill Chy., (S. C.), 443; 1 Am. L. C., 100; 8 Barb. S. C., 125; 36 Ark., 433.*

If the deed is valid, a court of chancery must enforce it as written. *2 Seld., 520.*

2. The deed being fraudulent on its face the attachment was properly sustained. *Bump. Fr. Conv., 24; Wait Fr. Conv., secs. 8, 9, 10; 31 Mo., 62; 6 Hill, 438; 15 Fed. R., 338; 5 Mc-Crary, 53; Teah v. Roth, 39 Ark., 66; Hunt v. Weiner, Id., 71.*

SMITH, J.  Dedman brought suit by attachment against Mc-Reynolds, the attachment being based on an alleged fraudulent disposition of property by the defendant.  Claypool interpleaded for the property attached, and the defendant filed an affidavit denying the grounds of the attachment.  The interpleader claimed under a deed of assignment executed to him by the defendant, which he sets forth at large in his interplea, and which the court upon demurrer held to be fraudulent on its face; and this fraudulent deed was held sufficient to sustain the attachment.

The deed was an ordinary deed of assignment, except that it contained the following provisions: 1. ASSIGN-MENTS

Having conveyed all the property of the assignor, of every kind and description, the deed proceeds as follows:

"To have and to hold, to him, the said H. S. Claypool, his heirs, assigns, executors and legal representatives, in trust and special confidence, nevertheless, that is to say, in trust that he shall within the time and in the manner provided by law make sale of all of said property, mentioned and described in this deed; and upon the further trust, to dispose of the proceeds of said property, when the same shall have been by him collected and reduced to possession, in the manner following:

"1.  To pay and reimburse himself all such reasonable costs,

charges and expenses, as may be by him incurred and allowed by the courts in the execution of his trust, together with such commissions to himself as shall be allowed to him by the Benton circuit court in chancery, for the discharge of his duties herein.

"2.   To apply the residue of such proceeds to the payment of the claims of said S. D. McReynolds' creditors, as follows: First, he shall pay to the firm of D. H. Woods & Co., of Bentonville, Arkansas, the sum of $2500, who are herein preferred as a creditor to that amount.   The residue of the proceeds arising from the sale of the property herein conveyed, to be applied to the payment of the claims of all creditors of the said S. D. McReynolds, *pari passu*, and without preference, who shall agree within ninety days from this date to accept such dividend or dividends as they may severally be entitled to, under this deed, in full satisfaction and discharge of their respective claims against the said S. D. McReynolds, and execute and deliver to the said S. D. McReynolds a legal release thereof.

"3.   After payment and satisfaction of the claims of creditors as aforesaid, then to apply the residue of the said trust funds and property to the payment of all the creditors of the said S. D. McReynolds, *pari passu*, and without any preference or priority, upon their executing the release aforesaid, and to pay over the residue, if any, to the said S. D. McReynolds, his legal representatives or assigns."

The interpleader also alleged that the property assigned was worth from $10,000 to $30,000, that the debts due from the assignor amounted to about $80,000, and that creditors representing debts to the aggregate amount of $33,843.50 had accepted the conditions imposed by the deed of assignment.

Reservation of Surplus: Release: Attachments.
The reservation of the surplus to the grantor stamps the deed as constructively fraudulent.   To use the language of Ware, Judge, in the case of the *Watchman, Ware's Rep., 247,*

the grantor prefers himself to a dissenting creditor. An insolvent debtor can reserve no use or benefit to himself out of the property assigned. He may stipulate for a release, but he must dedicate all of his property, not exempt by law, to the payment of all his creditors ; not necessarily to the payment of all in equal proportions, for he may prefer such as will execute releases. But the deed must provide for the distribution of any surplus that may remain in the hands of the trustee, after the payment of the preference creditors, amongst the other creditors, whether they assent or not. *2 Kent's Com., 534; Burrell on Assignments, 4 ed., sec. 209; Bump. Fr. Conv., 3 ed., 436–7; 1 Am. Lead. Cases, [\*72–3]; Langston v. Gaither, 3 Md., 49; Bridges v. Hinds, 16 Id., 101; Grimshaw v. Walker, 12 Ala., 101; Reavis v. Garner, Ib., 664; Wilde v. Rawlings, 1 Head, 34; Ingraham v. Wheeler, 6 Conn., 276; Leitch v. Hollister, 4 Comst., 211.*

If the assignment is valid, its provisions, including the return of the surplus to the maker, ought to be enforced in a court of equity. Yet this might prevent the court from letting in the non-assenting creditor upon the surplus.

The deed, being fraudulent on its face, was a sufficient ground for an attachment. *Teah v. Roth, 39 Ark., 66; Dodd v. Martin, 5 McCrary, 53; S. C. 15 Fed. Rep., 338; Whedbee v. Stewart, 40 Md., 414; Potter v. McDowell, 31 Mo., 62.*

Judgment affirmed.