## WOLF v. GRAY.

Decided March 22, 1890.

53    75
54   235

53    75
55   331

1. *Assignment for benefit of creditors—Stipulation for release of indebtedness.*

   A stipulation for a release of indebtedness in a deed of general assignment for the benefit of creditors, which is made a condition of preference, does not avoid the deed.

2. *Deed of assignment—Failure to provide for notice of condition of preference.*

   The omission in such a deed of directions to the assignee to notify creditors of the condition upon which they may be preferred does not avoid the deed.

3. *Withholding assets—When not fraudulent.*

   The omission of the debtor in such a deed to include property held by a factor under a lien to secure a debt to himself, being in value less than the debt secured, is not a fraudulent withholding of assets.

4. *Trial by court—Conflicting evidence—Absence of declarations of law—Presumption.*

   Where a case was tried by the court upon conflicting evidence, and no declarations of law were asked or made, it will be presumed that the court would have declared the law correctly if requested; and the case stands as though the court had declared the law correctly and a jury found against the appellant on conflicting testimony.

APPEAL from *Little River* Circuit Court.

R. D. HEARN, Judge.

Gray & Clem, merchants, made a general assignment of all their property for the benefit of their creditors. The deed of assignment preferred Hill, Fontaine & Co. in the sum of $3,300.00, and provided for payment to all other creditors who should, within 120 days after the execution of a bond by the assignee, as required by section 305 of Mansfield's Digest, execute and deliver to the assignee a release of the residue of their several debts after payment of their distributive shares of the proceeds of the assignment. The residue of the property assigned was to be paid to all the other cred-

itors.   There was no provision in the deed requiring that the assignee should notify the creditors of the condition upon which they would be preferred.

Wolf & Bro. sued Gray & Clem for $1,591.62 and caused an attachment to be levied upon their property, alleging a fraudulent disposition thereof.   The attachment was discharged and plaintiffs appealed.

*Cohn & Cohn* for appellants.

1.   The assignment was clearly made to hinder, delay and defraud creditors, and was intended to ignore their rights and interests.   It aimed to confiscate a solvent estate at the expense of creditors.   8 S. W. Rep., 861, 862; 80 Ky., 334.   The intent of the assignor, by statute, alone controls. 51 Ark., 60.   See also 15 Tex., 507.

2.   An assignment which has been made with a view to coerce creditors into accepting a compromise, or which was used for this purpose, is fraudulent as to creditors.   23 Minn., 242, 250; 4 Paige, 24; 1 Am. Lead. Cases (5th ed.), 78; 84 N. Y., 531; 11 Wend., 203.

3.   Releases were exacted; no provision being made for notifying creditors.   It does not appear that any creditors assented to the assignment, and accepted it, and gave releases within the time prescribed.   And no presumption exists that they intended to or that they would do so.   5 Mo., 241; 6 Mo., 317; 18 Ark., 131; Burrill, Assignments (3d ed.), secs. 284, 285.

Though assignments exacting releases were held to be good in *Clayton v. Johnson*, 36 Ark., 406, yet their effect is coercive; they are usually resorted to by persons who wish to accomplish fraud of some sort.   Releases have been condemned by able courts, and have been overthrown by courts in the largest commercial communities.   7 Pet., 615; Burrill, Assignments (3d ed.), secs. 192-3-4; 47 Ark., 370.

*Clayton v. Johnson* is a mistake, and has been overruled in 47 Ark., 367, 369. It is at war with other decisions of this court. 37 Ark., 64; 39 Ark., 68. See 24 Fed. Rep., 460; 24 Fed. Rep., 465. A debtor should have no right to exact releases, either as a condition of preference or otherwise. Burrill, Assignments, secs. 192, 194. The failure to provide for notice comes within the objection of delay of creditors, which ought to vitiate an assignment, as held in *Collier v. Davis*, 47 Ark., 367. See Burrill, Assignments (3d ed.), sec. 293.

4. The assignment purports to convey all the property of the assignors, yet the evidence shows they withheld a large amount of their assets—cotton in the hands of Hill, Fontaine & Co. This was a fraud. 46 Ark., 405.

*U. M. & G. B. Rose* for appellees.

1. There is no evidence whatever that the assignment was made to coerce a compromise. As to the intent of the assignor determining whether an assignment is fraudulent, that is settled by statute.

2. *Clayton v. Johnson* has constituted a rule of property in this State for ten years, and it has never been overruled, and is abundantly sustained by authority. No authority is cited to sustain the position that the assignment is void because it does not direct the assignee to notify the creditors.

3. Appellees were indebted to Hill, Fontaine & Co. in a sum much in excess of the value of the cotton. They were factors, and had a right to sell it to pay their advances. Mechem on Agency, sec. 1032; Edwards on Factors, sec. 34; Edwards on Bailments, sec. 290.

*Scott & Jones* also for appellees.

The assignment in this case is not open to the objections in *Clayton v. Johnson*, 36 Ark., 406, or *Collier v. Davis*, 47 Ark., 367. An assignor may stipulate for release, if he ded-

icates all his property to the payment of all his creditors. 47 Ark., 347. The right to prefer is conceded. 2 T. R., 24; 2 H. Black., 371.

1. Assignment for creditors— Stipulation for release.

COCKRILL, C. J. In *Clayton v. Johnson*, 36 Ark., 406, an assignment for the benefit of creditors was upheld, which stipulated for a release of indebtedness from assenting creditors as a condition to their participation in the assets. There was no express reservation to the debtor in that case of the assets remaining after the assenting creditors were paid. In the subsequent case of *McReynolds v. Dedman*, 47 Ark., 347, an assignment similar to that in *Clayton v. Johnson*, except that it contained an express reservation of the residue of the estate to the assignor, was adjudged fraudulent upon the ground that it was in effect an attempt on the part of the insolvent debtor to prefer himself to non-assenting creditors—that is, to those who refused to execute releases. Quickly following this decision came the case of *Collier v. Davis*, 47 Ark., 367, in which it was ruled that in every assignment, such as that passed upon in *Clayton v. Johnson*, there is an implied reservation of the surplus to the use of the assignor; that, as the effect of an implied reservation is like that of an express reservation of the same benefit, there could be no distinction in principle between them, and that one could not be sustained while the other was condemned. The case of *Clayton v. Johnson* was, therefore, overruled upon that point. It was not the stipulation for a release—the validity of which, upon the principles of justice and humanity, Chief Justice English so earnestly and ably maintained in the latter case—that was condemned in *Collier v. Davis*, but only the reservation of the surplus by the debtor to himself before satisfying his creditors. An insolvent debtor who executes an assignment for the benefit of his creditors, Judge Smith who pronounced the judgments in both the latter cases maintained, "may stipulate for a

release, but he must dedicate all his property, not exempt by law, to the payment of all his creditors; not necessarily to the payment of all in equal proportions, for he may prefer such as will execute releases. But the deed must provide for the distribution of any surplus that may remain in the hands of the trustee, after the payment of the preferred creditors, amongst the other creditors, whether they assent or not." *McReynolds v. Dedman, supra.*

The stipulation for a release received the unqualified approval of the court in *Clayton v. Johnson*, and its authority upon that point is not impaired, except as modified by the cases before cited. It follows that the law is established here, in accord with much authority elsewhere, that a stipulation for a release in a general assignment, which is made only as a condition of preference, does not invalidate the instrument.

We fail to appreciate the contention that an omission in the assignment of directions to the assignee to notify the creditors of the condition upon which they may be preferred avoids the deed. A reasonable time is fixed by the deed within which the assent shall be given. Those who do not execute the release within the time fixed, can share only as non-preferred creditors. There is therefore no embarrassment to the assignee in making the distribution or in otherwise executing the trust. It is his duty to notify the creditors of the assignment in any event, whether the debtor directs it or not, but a failure of the one to direct or the other to perform has never been held, so far as we are informed, to avoid the deed.

2. Failure to provide for notice of condition of preference.

No other objection is made to the terms of the instrument, but it is insisted that it should be annulled because, it is said, the assignors fraudulently withheld a part of the assets at the time of its execution. The undisputed facts in relation to this feature of the case are as follows: When the assignment was executed the assignors were indebted to Hill, Fontaine & Co., who were cotton factors in the city of

3. Withholding assets—When not fraudulent.

St. Louis, in a large amount; against this account the factors held cotton which had been shipped to them by the debtors who made the assignment, and which they afterwards sold and applied in part payment to the debt, leaving a balance due of about $3,700.00. An estimate of the value of the cotton in the hands of the factors appears to have been deducted from the amount of the debt due them at the time of making the assignment, which left an estimated balance of "about $3,300.00" due the factors, and a preference in their favor was declared in the deed for that amount. The fair inference to be drawn from this proof is that, before the assignment was made, the cotton had been specifically appropriated by the debtors to the part payment of the general balance due the factors. The factors had a lien on the cotton to secure the balance due them; the debtors could not withdraw it from their control; the debt was greater than the value of the cotton, and the agreement to appropriate it to the payment of their debt was not a fraudulent withholding of assets by the debtors.

4. Failure of the court to declare the law—Presumption.  If it can be said that there was sufficient testimony to sustain a finding upon each of the other propositions argued by the appellants, it is enough to say that testimony upon the other side contradicts it. The questions arise then upon a conflict of evidence, no declarations of law being made or refused. The presumption is that the court would have declared the law correctly if required to declare it at all, for error is never presumed. The appellant stands, then, as though the court had declared the law in his favor and a jury had found against him on conflicting testimony.

We do not mean to intimate that the conclusion of the trial court would be incorrect if the testimony for the appellant stood uncontradicted in every particular. It is probable the result would not be changed but the question is not presented.

Affirmed.